UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WALTER R. K.,[1] ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| *v.* ) | No. 1:20-cv-02804-MG-RLY |
| ) | |
| KILOLO KIJAKAZI,[2] Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| *Defendant.* ) | |

## ORDER

On June 4, 2022, Plaintiff filed a motion seeking $5,297.40 in attorney fees under the Equal

Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. [Filing No. 21.] On June 14, 2022, Defendant

filed a response stating that it does not object to the amount requested, however it does object to

the language used in Plaintiff's proposed order. [Filing No. 23.] Plaintiff was granted *in forma*

*pauperis* status in this action. Consequently, there is no claim for compensable incurred costs.

## I.

### BACKGROUND

On October 29, 2021, Plaintiff filed his Complaint seeking judicial review of the ALJ's

unfavorable finding denying his application for disability benefits. [Filing No. 1.] The Court

entered judgment on March 24, 2022, reversing the decision of the Commissioner and remanding

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

[2] Pursuant to Fed. R. Civ. P. 25(d), after the removal of Andrew M. Saul from his office as Commissioner of the SSA on July 9, 2021, Kilolo Kijakazi automatically became the Defendant in this case when she was named Acting Commissioner.

for further proceedings. [Filing No. 19.] Plaintiff timely filed the instant motion with supporting documentation on June 4, 2022, requesting an EAJA attorney fee award in the amount of $5,297.40. [Filing No. 21.]

## II.
### LEGAL STANDARD

Pursuant to the Equal Access to Justice Act ("EAJA"), a "court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A). To succeed on a Petition for EAJA fees, the movant must, within thirty days of final judgment in the action, file an application (1) showing that he is a "prevailing party," (2) providing the Court with an itemized statement that represents the computation of the fees requested, and (3) alleging that the position taken by the United States was "not substantially justified." 28 U.S.C. § 2412(d)(1)(B). Additionally, the Court may, in its discretion, reduce or deny the award of fees and expenses if the prevailing party "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" during the proceedings. 28 U.S.C. § 2412(d)(1)(C).

## III.
### DISCUSSION

There is no question that Plaintiff is a prevailing party in this case. *See Shalala v. Schaefer*, 509 U.S. 292 (1993) (holding that Plaintiff whose complaint is remanded to an administrative law judge for further consideration qualifies as a "prevailing party" under Section 2412(d)(1)(B) of the EAJA). Plaintiff has provided appropriate documentation for his fee request and alleged that the position of the Commissioner was not substantially justified. Next, the Commissioner bears the burden of proving that her pre-litigation conduct, including the ALJ's decision itself, and her litigation position were substantially justified. *See Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir.

2009). The Commissioner has not done so here; indeed, the Commissioner has filed a response to the motion in which she states that she does not object to the fee request. [Filing No. 23.] The Court also is not aware of any "conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" by Plaintiff or his counsel. Therefore, the Court will not reduce or deny an award of fees or expenses on such grounds. Finally, the Court must determine whether the amount of the fee award sought by Plaintiff is reasonable pursuant to the terms of the EAJA. As a threshold requirement, 28 U.S.C. § 2412(d)(1)(B) of the EAJA requires Plaintiff to submit "an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." Plaintiff has done so. *See* [Filing No. 21-3]. Plaintiff's counsel spent 24.3 hours on this case, which the Court finds to be reasonable.

A reasonable EAJA fee is calculated under the lodestar method by multiplying a reasonable number of hours expended by a reasonable hourly rate. *Astrue v. Ratliff*, 560 U.S. 586, 602 (2010). Although the hourly rate is statutorily capped at $125.00 per hour, the language of the statute permits the Court to allow for "an increase in the cost of living" to arrive at a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). To prove that such an increase is justified, the Seventh Circuit has held that "an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience." *Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015). Reliance solely on a readily available measure of inflation is not sufficient, as an inflation-adjusted rate might result in a rate higher than the prevailing market rate in the community for comparable legal services, creating a windfall, which is to be avoided. *Id.* at 428-29.

Plaintiff sets out the appropriate calculation of the applicable hourly rates permitted by the EAJA, considering the increase in the cost of living, as set forth in the Consumer Price Index—All Items Index, since the statutory hourly rate was set at $125 per hour in March 1996. *See* [Filing No. 21 at 7.] That calculation arrives at a maximum statutory hourly rate of greater than the $218.00 requested by counsel. The Court finds that this rate does not exceed the prevailing market rate in the community by lawyers of comparable skill and experience and is consistent with the rate approved in other similar cases in this district.

As an additional matter, Plaintiff requests in his proposed order that any EAJA fee award should be paid within 70 days. He argues that the Court has discretion to assign payment within a reasonable timeline. [Filing No. 24 at 1 (citing *Harrington v. Berryhill*, 906 F.3d 561, 567 (7th Cir. 2018) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1974)).] The Court will not set a 70-day outer limit for a determination to be made about whether offset is appropriate and, assuming it is not, for the United States to tender payment to the plaintiff's counsel consistent with the EAJA assignment. Plaintiff has advanced no evidence that after the government receives an EAJA fee order, it unreasonably delays in determining whether offset is appropriate and in directing payment if it is not.

## IV.
### CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), [21], and awards $5,297.40 in attorney fees under the EAJA. Any fees paid belong to Plaintiff and not his attorney and can be offset to satisfy any pre-existing debt that the litigant owes the United States. *Astrue v. Ratliff,* 560 U.S. 586 (2010). However, if Defendant verifies that Plaintiff does not owe a pre-existing debt to the government subject to the offset, Defendant shall direct that award be made

payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and counsel.

Date: 7/28/2022

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**